# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 6973 | **DATE** | 9/11/2012 |
| **CASE TITLE** | David Jarrett vs. Cook County Jail | | |

**DOCKET ENTRY TEXT**

As stated below, Plaintiff has not alleged sufficient facts to plausibly suggest a violation of his constitutional rights. *See, e.g., Appert v. Morgan Stanley Dean Witter, Inc.*, 673 F.3d 609, 622 (7th Cir. 2012). Therefore, the instant action is dismissed. All pending dates and motions, if any, are hereby stricken as moot. Civil case terminated.

■[ For further details see text below.]　　　　　　　　　　　　　　　　　　　Docketing to mail notices.

## STATEMENT

This matter is before the court on Plaintiff David Jarrett's (Jarrett) motion for leave to proceed *in forma pauperis*. Pursuant to 28 U.S.C. § 1915, "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted. . . ." *Id.* Since Jarrett is proceeding *pro se*, the court will liberally construe his complaint.

Jarrett indicates in his complaint that he is bringing a claim pursuant to 42 U.S.C. § 1983 (Section 1983). (Compl. 1). Jarrett also states that the basis of his claim is allegedly "poor jail conditions." (Compl. 2). Jarrett does not specify in his complaint whether he is a pretrial detainee or convicted prisoner. However, the Seventh Circuit has indicated that in regards to an analysis of a Section 1983 claim challenging conditions of confinement "there is little practical difference between the two standards" applied to a pretrial detainee or a convicted prisoner. *Rice ex rel. Rice v. Correctional Medical Services*, 675 F.3d 650, 664-65 (7th Cir. 2012)(internal quotations omitted)(quoting *Weiss v. Cooley*, 230 F.3d 1027, 1032 (7th Cir. 2000)). To state a valid Section 1983 claim challenging the conditions of confinement, "the adverse conditions complained of" must be "sufficiently serious, such that the acts or omissions of prison officials giving rise to

**STATEMENT**

these conditions deprived the prisoner of a minimal civilized measure of life's necessities." *Rice*, 675 F.3d at 664 (internal quotations omitted)(quoting *Farmer v. Brennan,* 511 U.S. 825, 834 (1994)). In addition, to succeed on such a claim, the prison officials must have been "deliberately indifferent to the adverse conditions." *Rice*, 675 F.3d at 664.

In the instant action, Jarrett provides no allegations other than one conclusory statement that Defendants violated Jarrett's constitutional rights due to "poor jail conditions." (Compl. 2). The court also notes that Jarrett was even provided with spaces on the complaint form he used to list additional factual allegations, and Jarrett left such spaces completely blank. Jarrett has not alleged sufficient facts to plausibly suggest a violation of his constitutional rights. *See, e.g., Appert v. Morgan Stanley Dean Witter, Inc.*, 673 F.3d 609, 622 (7th Cir. 2012). Therefore, the instant action is dismissed.